IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE LOWRY WEEKS,<br><br>Defendant. | Cause No. CR 18-14-BLG-SPW<br><br>NOTICE AND ORDER |

This matter originally came before the Court on a handwritten "Motion Requesting to Vacate Sentence" received from Defendant George Lowry Weeks ("Weeks"). (Doc. 67.) Weeks did not characterize his filing as a request for relief pursuant to 28 U.S.C. § 2255, however, this Court entered an order of its intent to do so and allowed Weeks the opportunity to file an amended motion in which he could present all of his claims. (Doc. 68.) On August 5, 2024, Weeks filed his amended motion under § 2255. (Doc. 69.)

I. **Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A

1

petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On March 6, 2018, while represented by counsel, Weeks pled guilty to Count I of the Indictment, Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1), without the benefit of a plea agreement. *See*, (Doc. 21.) On August 3, 2018, this Court sentenced Weeks to the Bureau of Prisons, for 30 months, followed by a 3-year period of supervised release. *See*, Judg. (Doc. 29.) Weeks did not appeal.

On February 23, 2024, following revocation proceedings, Weeks was sentenced to the Bureau of Prisons for a term of 7 months, followed by an 18-month period of supervised release. *See,* Judg. (Doc. 56.) Weeks filed a notice of appeal. (Doc. 58.) Weeks's counsel ultimately filed a motion to withdraw as counsel of record, pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating

2

there were no grounds for relief. Weeks did not file a pro se brief in response. On September 25, 2024, the Ninth Circuit granted counsel's motion to withdraw and affirmed Weeks's sentence. *See*, (Doc. 70.)

In his present filing, Weeks argues that his rights under the Second Amendment were violated. Specifically, he claims his original conviction was unconstitutional, because there is no historical precedent allowing for "a member of the people in the founding era [to be] permanently stripped of their right to bear arms simply because they were convicted of a crime." (Doc. 69 at 3.) In support of his position, Weeks cites *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022), *United States v. Rahimi*, 602 U.S. --, 144 S. Ct. 1889 -- (2024), and *United States v. Duarte*, 101 F. 4th 657 (9th Cir. 2024). (*Id.*) Weeks explains his untimely filing by noting that *U.S. v. Duarte* recently applied the *Bruen* test to 18 U.S.C. 922(g)(1) convictions and is part of a series of "watershed cases" that completely altered Second Amendment jurisprudence within the last six months. (*Id.* at 7.) Accordingly, he requests his motion be considered timely. (*Id.*)

Weeks asks that both his original sentence and sentence imposed upon revocation be vacated, removed from his record, and that he be immediately released without any remaining supervision. (Doc. 69 at 5.)

**III. Analysis**

The Court has considered Weeks's challenge to the validity of his conviction

3

and sentences. For the reasons explained below, Weeks's § 2255 motion will be denied.

### i. Legal Standard

"A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States [...] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979)(*quoting Bowen v. Johnston*, 306 U.S. 19, 27 (1939)). In contrast, "[e]rrors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F. 2d 970, 973 (9th Cir. 1981).

As a preliminary matter, it appears Week's filing may be barred by procedural hurdles, including the statute of limitations and procedural default. But this Court is empowered to bypass a procedural issue in the interest of judicial economy when the claim clearly fails on the merits. *See Flournoy v. Small*, 681 F. 3d 1000, 1004, n. 1 (9th Cir. 2012); *see also Franklin v. Johnson*, 290 F. 3d 1223,

1232 (9th Cir. 2001); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)(noting that, in the interest of judicial economy, courts may proceed to the merits in the face of procedural issues).

  **ii. Constitutionality of Section 922(g)(1) in wake of *Bruen* and *Duarte***

  The Second Amendment guarantees: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *Bruen*, the Supreme Court held that the Second Amendment protects and individual's right to carry a handgun for self-defense outside the home and rejected the means-end scrutiny test that courts of appeals had been applying when assessing the constitutionality of firearms regulations. 597 U.S. at 19. The *Bruen* Court set forth a new test to determine whether a firearm regulation comports with the Second Amendment. This framework, "requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id*. at 26 (*citing District of Columbia v. Heller*, 544 U.S. 570 (2008)). First, courts ask whether "the Second Amendment's plain text covers an individual's conduct." *Id*. at 24. If it does not, then the "regulated activity is categorically unprotected"; the regulation is valid and "the analysis can stop there." If the Second Amendment's text covers the conduct at issue, however, the conduct is "presumptively protect[ed]." *Id*. Then, courts must ask whether the government

5

has met its burden to "justify its regulation by demonstrating that it is consistent with this Nation's historical tradition of firearm regulation." *Id.* If a firearm regulation is consistent with historical tradition, "[o]nly then may a court conclude that the individual's conduct falls outside the Second Amendment's [protection]" and the regulation is constitutionally valid. *Id.*

The Ninth Circuit, relying upon *Heller*, 554 U.S. 570, has previously held that § 922(g)(1) does not violate the Second Amendment. *United States v. Philips*, 827 F. 3d 1171, 1175 (9th Cir. 2016); *Van Der Hule v. Holder*, 759 F. 3d 1043, 1051 (9th Cir. 2014); *United States v. Vongxay,* 594 F. 3d 1111, 1118 (9th Cir. 2010). In *Heller*, the Supreme Court struck down a District of Columbia law banning possession of firearms by homeowners, finding that the Second Amendment protects the individual right to bear arms. *Heller*, 554 U.S. at 595. The Supreme Court noted that the right is not unlimited and that "nothing in the opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons" which were "presumptively lawful." *Id.* at 626-27. Subsequently, in *McDonald v. City of Chicago*, the Supreme Court stated that *Heller* "did not cast doubt on such longstanding regulatory measures as "prohibitions on the possession of firearms by felons.'" 561 U.S. 742, 786 (2010)(*quoting Heller*). Notably, in *Heller*, *McDonald*, and *Bruen*, the Supreme Court has characterized the Second Amendment right as belonging to law-abiding

6

citizens.

Although he provides no analysis, the Court presumes that Weeks is asserting that under the Ninth Circuit's *Duarte* decision, he believes that the felon in possession statute is unconstitutional as applied to non-violent offenders. The Court further presumes that Weeks believes that his prior felony conviction, being a felon in possession of a firearm in 2006, is a non-violent offense. *See generally*, (Doc. 69.)

In *Duarte*, a three-judge panel found 18 U.S.C. 922(g)(1), was unconstitutional as applied to Duarte, a nonviolent felon. 101 F. 4th at 691. Subsequently, the Ninth Circuit granted rehearing *en banc* in *Duarte* and vacated the panel's decision. 101 F. 4th 786 (9th Cir. Jul 17, 2024)(mem.). This Court has previously determined that *Duarte* no longer has a binding precedential effect and that until the en banc court resolves *Duarte*, the prior Ninth Circuit precedent of *Vongxay* controls. *See, United States v. Purkey*, 2024 WL 4388465, *3 (D. Mont. Oct. 3, 2024)(finding *Vongxay* to be controlling precedent over *Duarte* and following Ninth Circuit and other district court decisions holding § 922(g)(1) to be facially constitutional)(additional citations omitted). Accordingly, Weeks cannot rely upon *Duarte*, specifically upon the distinction that the decision drew between the constitutionality of § 922(g)(1) as applied to violent and nonviolent felons, in arguing for relief in his § 2255 motion. Following this same rationale, Weeks fails

7

to show that prohibiting felons from possessing firearms under § 922(g)(1) is inconsistent with the historical tradition of firearms regulation and/or that it is unconstitutional under *Bruen or Vongxay*. His motion must be denied.

### IV. Certificate of Appealability

A movant may appeal a district court's dismissal of a § 2255 motion only after obtaining a certificate of appealability from the district court or the circuit court. 28 U.S.C. § 2253( c)(1)(B). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253( c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of the constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(*citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Under this standard, the Court concludes that Weeks is not entitled to a certificate of appealability. No reasonable jurist would find debatable Weeks's failure to demonstrate entitlement to relief on the claims presented in his § 2255 Motion.

Accordingly, IT IS ORDERED:

1. Weeks's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 69) is DENIED on the merits, as is his original pro se motion (Doc. 67).

8

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Weeks files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 24-103-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Weeks.

DATED this 28th day of October, 2024.

Susan P. Watters
United States District Court Judge